JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 12-7477 PA (JEMx) | Date | September 04, 2012 |
|---|---|---|---|
| Title | Federal Home Loan Mortgage Corp. v. John T. Hackelman, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants John T. Hackelman and Julia T. Hackelman ("Defendants") on August 30, 2012. In its Complaint, filed in the Los Angeles County Superior Court, plaintiff Federal Home Loan Mortgage Corporation ("Plaintiff") alleges a single state law claim for unlawful detainer. Defendants, who are appearing *pro se*, assert that this Court has subject matter jurisdiction pursuant to the prior exclusive jurisdiction doctrine.

As pronounced by the Ninth Circuit in Chapman v. Deutsche Bank Nat'l Trust Co., 651 F.3d 1039, 1043 (9th Cir. 2011), the prior exclusive jurisdiction doctrine, where it applies, requires federal courts to stay or dismiss federal actions in favor of state-court litigation. In Chapman, the Ninth Circuit explained that the doctrine of prior exclusive jurisdiction holds that "'when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*.'" Id. (quoting Marshall v. Marshall, 547 U.S. 293, 311, 126 S. Ct. 1735, 164 L. Ed. 2d 480 (2006)). Thus, where, as here, there are concurrent proceedings in federal and state court and both suits "are *in rem*, or *quasi in rem*, so that the court . . . has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought," the "first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other. . . ." Princess Lida of Thurn & Taxis v. Thompson, 305 U.S. 456, 466, 59 S. Ct. 275, 83 L. Ed. 285 (1939); see also Kline v. Burke Constr. Co., 260 U.S. 226, 229, 43 S. Ct. 79, 67 L. Ed. 226 (1922) ("[W]here the jurisdiction of [a] state court has first attached, [a] federal court is precluded from exercising its jurisdiction over the same *res* to defeat or impair the state court's jurisdiction."); State Eng'r of State of Nev. v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians of Nev., 339 F.3d 804, 809-10 (9th Cir. 2003).

Defendants are also parties to a quiet title and wrongful foreclosure action proceeding in this District that concerns the same property that is at issue in this unlawful detainer action. The quiet title action was filed and removed to this Court prior to the filing of this unlawful detainer action. (See Notice of Removal at 2-4 & Exhs. A, C.) Defendants now attempt to remove this action, arguing that state court jurisdiction over the property at issue is precluded and therefore removal is required.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 12-7477 PA (JEMx) | Date | September 04, 2012 |
|---|---|---|---|
| Title | Federal Home Loan Mortgage Corp. v. John T. Hackelman, et al. | | |

The prior exclusive jurisdiction doctrine is "a mandatory jurisdictional *limitation* . . . based at least in part on considerations of comity and prudential policies of avoiding piecemeal litigation." Chapman, 651 F.3d at 1044 (citations and internal quotation marks omitted) (emphasis added). Thus, although the doctrine might provide for the remand of a quiet title action in certain circumstances, see, e.g., Black v. Nat'l Mortg. Network, Inc., 2012 U.S. Dist. LEXIS 42064 (D. Cal. 2012), it does not provide an independent ground for federal subject matter jurisdiction over a pending state court unlawful detainer action.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). The Notice of Removal alleges no basis upon which this Court may exercise jurisdiction over this action. Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. LC12865. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.